

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BEVERLY ROGERS and CHARLES ROGERS, )

               Plaintiffs, )

        v. )

CHICAGO DEPARTMENT OF AVIATION, )
UAL CORPORATION, a foreign corporation, )
THE CITY OF CHICAGO, a municipal )
corporation, JOHN DOE CORPORATION, )
JOHN DOES, )

               Defendants. )

**08CV4074**
**JUDGE GOTTSCHALL**
**MAG.JUDGE COX**

Jury Trial Demanded

**F I L E D**

JUL 1 7 2008
Jul 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT AT LAW

NOW COME, Plaintiffs BEVERLY ROGERS and CHARLES ROGERS, by and through their attorney, ROBERT A. HOLSTEIN of HOLSTEIN LAW OFFICES, LLC, and complain against the herein Defendants as follows:

### NATURE OF THE ACTION

1.    This action arises as a result of negligence which led to the personal injuries of the Plaintiffs.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction as this suit is brought pursuant to 28 U.S.C. §1332 since it involves a controversy between citizens of different states and that the amount in controversy exceeds $75,000 for each of the Plaintiff.

## PARTIES

3.     At all times complained herein, Spouses BEVERLY ROGERS (hereinafter referred to as "BEVERLY") and CHARLES ROGERS (hereinafter referred to as "CHARLES") are residents of the City of Sunnyvale, County of Santa Clara, State of California.

4.     At all times complained herein, Defendant CITY OF CHICAGO (hereinafter referred to as "City") is a municipal corporation, duly incorporated under the laws of the State of Illinois.

5.     At all times complained herein, Defendant DEPARTMENT OF AVIATION (hereinafter referred to as "DEPARTMENT") is responsible for the management, planning, design, operation and maintenance of the City of Chicago's airport system composed of Chicago O'Hare and Midway International.

6.     At all times complained herein, Defendant UAL Corporation (hereinafter referred to as "UNITED") is a foreign corporation incorporated in the State of Delaware, the operator of United Airlines, one of the world's leading passenger and cargo carrier having the City of Chicago as one of its major hubs.  United is also the owner or lessee of Terminal 1 at the Chicago O'Hare Airport.

7.     At all times complained herein, Defendant JOHN DOE CORPORATION (hereinafter referred to as "CORPORATION") was an entity contracted by the Defendants DEPARTMENT OF AVIATION and CITY OF CHICAGO to do service, maintenance and

2

repair of the moving walkways leading to and from United Gate C Terminal at the Chicago O'Hare Airport on or about July 26, 2007.

8.      At all times complained herein, Defendant JOHN DOES are individual employees of JOHN DOE CORPORATION, DEPARTMENT OF AVIATION and CITY OF CHICAGO who were performing the service, maintenance and repair work of the moving walkways leading to and from United Gate C Terminal at the Chicago O'Hare Airport on or about July 26, 2007.

## STATEMENT OF FACTS

9.      Plaintiffs Beverly and CHARLES are registered volunteers for the 129th Air Rescue Wing of the California Air National Guard whose base location is adjacent to their residence. This is so even though Beverly and Charles were both 75 years old at the time of the occurrence.

10.     On or about July 22, 2007, Plaintiffs traveled to Illinois through the Chicago O'Hare Airport to attend the National Guard Family Program Workshop held at Rosemont, Illinois. Beverly attended the conference as a representative of the Family Ready Program fully funded by the 129th Air Rescue Wing while CHARLES traveled at his own expense.

11.     On July 26, 2007, CHARLES dropped off Beverly at the departure terminal for the United Airlines at the Chicago O'Hare Airport. Charles was proceeding on to Milwaukee.

3

12.    On that date, Beverly was supposed to board her United Airlines flight going home to California at the United Gate C terminal boarding area. Part of the way to the boarding area, after going through the security gates, is an underground moving walkway or conveyor. Beverly was not in a hurry at the time of occurrence. She had plenty of time before boarding.

13.    At the time when Beverly entered the area leading to the United Gate C boarding area, one of the moving walkways or conveyors [for incoming passenger] was being serviced, maintained or repaired by JOHN DOES who are employees, agents and representatives of Defendants UNITED, CORPORATION, DEPARTMENT and CITY.

14.    Beverly got on the moving sidewalk for outgoing passengers and while she was on it, the moving walkway or conveyor suddenly and without jerked to a momentary stop. Due to the abruptness of the stop of the walkway Beverly never had a chance to brace herself. Even though Beverly was holding the walkway railing as it was moving, the abruptness of the lurch caused her body to be violently thrown down to the floor of the moving walkway unto her right shoulder and head and face down. After she was thrown down, the moving walkway started moving again as abruptly as it had stopped.

15.    As a result of her being thrown down, she broke her shoulder and upper arm bone in two places, sustained lacerations on her face requiring sutures, abrasions on her face, and contusions throughout other parts of her body.

16.    The moving walkway that Beverly was injured on had no sign of any kind informing passengers that there was an ongoing maintenance, service or repair work being

4

done to warn the passengers or other individuals who were using it. Neither was there any sign or warning that the said moving walkway was going to suddenly or abruptly stop.

17.     Several JOHN DOES who are employees, agents and representatives of Defendants UNITED, CORPORATION, DEPARTMENT and CITY witnessed the incident and one of them immediately hit the panic stop button for the walkway. One of the workmen apologized to Beverly stating that the work they were doing on the adjoining walkway caused the one she was on to suddenly lurch.

18.     Soon after that, Security personnel of the Chicago O'Hare Airport came to the scene and called an ambulance that transported Beverly to the nearest medical facility.

19.     After being notified of the medical emergency that beset his wife, CHARLES had to make a trip back to Chicago from Milwaukee which required an added expense delay and emotional upset.

20.     As a result of the incident, Plaintiffs have to stay an additional number of days in the Chicago area for Beverly to have hospital care and to recuperate well enough to travel. Beverly's medical condition required special accommodations and assistance as well as the necessity of Charles to be with her throughout the flight to assist her of her needs.

21.     Upon arrival in California, Beverly continued medical treatment and is still undergoing medical treatment for her injuries.

## Allegations Common to All Counts

22.     Beverly exercised ordinary care in her use of the moving walkway or conveyor at the Chicago O'Hare Airport.

23.     Beverly is a person whom the Defendants intended and permitted to use the moving walkway or passenger conveyor at the Chicago O'Hare Airport, and Beverly was legally and lawfully on the Chicago O'Hare / United Airlines premises as Beverly was a passenger of an airline that either leases or owns space at the Chicago O'Hare Airport.

24.     Beverly used the Chicago O'Hare Airport / United Airlines premises, specifically the moving walkway or passenger conveyor, at their invitation of the Defendants and in the manner in which at such times as it was reasonably intended and foreseeable that it would be used, as Plaintiff was simply on that moving walkway leading to the boarding area where she intended to take her flight home to California.

25.     Before or at the time of the occurrence complained hereof, the Defendants knew or in the exercise of ordinary care should have known, that the maintenance, repair, or service of the adjacent moving walkway would affect the operation of the moving walkway or passenger conveyor on which Beverly was on, that it would violently stop and go or violently lurch, and thus presented an unreasonable risk to persons using the moving walkway or passenger conveyor.

26.     Before and at the time of the occurrence complained of herein, the Defendants should have anticipated that persons using the moving walkway or passenger conveyor,

including Beverly would not discover or anticipate the dangerous condition of the premises and would otherwise fail to protect themselves against it.

## COUNT I
### Negligence Against Chicago Department of Aviation

NOW COMES Plaintiff BEVERLY ROGERS, by and through her attorney, and her complaint against the CHICAGO DEPARTMENT OF AVIATION, states as follows:

27.    Beverly realleges Paragraphs 1 through 26 above as Paragraph 27 of this Count I with the same force and effect as though fully set forth herein.

28.    At all times complained of herein, the Department had a duty to maintain the City's airport system which includes the Chicago O'Hare Airport premises.

29.    At all relevant times complained herein, the Department had a duty before and at the time of the occurrence complained of herein to exercise ordinary care to see that the premises, which includes the moving walkway or passenger conveyor, was reasonably safe for the use of those lawfully on the premises, including Beverly.

30.    In breach of said aforementioned duties, the Department failed to exercise ordinary and reasonable care to protect persons using the premises particularly the moving walkway or passenger conveyor, including Beverly, against dangers of a sudden stop and go movement or violent lurching.

31.    In breach of said aforementioned duties, the Department acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

a)    Carelessly and negligently allowed a moving walkway or passenger conveyor to operate beside one that is being repaired or service thereby creating a hazardous condition;

b)    Carelessly and negligently failed to provide adequate warnings of a hazardous condition to people using the moving walkway or passenger conveyor;

c)    Carelessly and negligently failed to correct a defective and hazardous condition on the premises;

d)    Carelessly and negligently allowed a moving walkway or passenger conveyor to remain in an unsafe and hazardous condition; and

e)    Carelessly and negligently failed to inspect said premises to be certain the same were in good, safe and proper condition and repair.

32.    Said aforementioned actions or failures to act directly and proximately caused Beverly to fall and suffer (a) personal injuries pain and suffering, including fractured bones, facial cuts and abrasions, and body contusions, and (b) financial damages, including medical expenses and other incidental and consequential expenses.

WHEREFORE, Plaintiff BEVERLY ROGERS requests that the Court enters judgment for her and against the Defendant CHICAGO DEPARTMENT OF AVIATION, in a fair and reasonable sum in excess of one hundred thousand dollars ($100,000.00) plus costs.

## COUNT II
## Negligence Against UAL Corporation

NOW COMES Plaintiff BEVERLY ROGERS, by and through her attorney, and her complaint against the UAL CORPORATION, states as follows:

33.     Beverly realleges Paragraphs 1 through 32 above as Paragraph 33 of this Count II with the same force and effect as though fully set forth herein.

34.     At all times complained of herein, United had a duty to maintain the premises that it owns or leases at the Chicago O'Hare Airport area.

35.     At all relevant times complained herein, United had a duty before and at the time of the occurrence complained of herein to exercise ordinary care to see that the premises it owns or leases, which includes the moving walkway or passenger conveyor, was reasonably safe for the use of those lawfully on the premises, including Beverly.

36.     In breach of said aforementioned duties, United failed to exercise ordinary and reasonable care to protect persons using the premises it owns or leases, particularly the moving walkway or passenger conveyor, including Beverly, against dangers of a sudden stop and go movement or violent lurching.

37.     In breach of said aforementioned duties, United acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

a)      Carelessly and negligently allowed a moving walkway or passenger conveyor to operate beside one that is being repaired or service thereby creating a hazardous condition;

9

b)   Carelessly and negligently failed to provide adequate warnings of a hazardous condition to people using the moving walkway or passenger conveyor;

c)   Carelessly and negligently failed to correct a defective and hazardous condition on the premises;

d)   Carelessly and negligently allowed a moving walkway or passenger conveyor to remain in an unsafe and hazardous condition; and

e)   Carelessly and negligently failed to inspect said premises to be certain the same were in good, safe and proper condition and repair.

38.   Said aforementioned actions or failures to act directly and proximately caused Beverly to fall and suffer (a) personal injuries pain and suffering, including fractured bones, facial cuts and abrasions, and body contusions, and (b) financial damages, including medical expenses and other incidental and consequential expenses.

WHEREFORE, Plaintiff BEVERLY ROGERS requests that the Court enters judgment for her and against the Defendant UAL CORPORATION, in a fair and reasonable sum in excess of one hundred thousand dollars ($100,000.00) plus costs.

## COUNT III
### Negligence Against John Doe Corporation

NOW COMES Plaintiff BEVERLY ROGERS, by and through her attorney, and her complaint against JOHN DOE CORPORATION, states as follows:

39.   Beverly realleges Paragraphs 1 through 38 above as Paragraph 39 of this Count III with the same force and effect as though fully set forth herein.

10

40.    At al times complaint of herein, the Corporation was contracted by the Department and the City to do maintenance and repair work of the facilities at the Chicago O'Hare Airport which include the moving walkways or passenger conveyors.

41.    At all relevant times complained herein, the Corporation had a duty before and at the time of the occurrence complained of herein to exercise ordinary care to see that the moving walkway or passenger conveyor area was reasonably safe for the use of those lawfully on the premises, including Beverly.

42.    In breach of said aforementioned duties, the Corporation failed to exercise ordinary and reasonable care to protect persons using the premises particularly the moving walkway or passenger conveyor, including Beverly, against dangers presented the sudden stop and go movement or violent lurching.

43.    In breach of said aforementioned duties, the Corporation acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

a)    Carelessly and negligently allowed a moving walkway or passenger conveyor to operate while the one beside that is being repaired or services even if it creates a hazardous condition;

b)    Carelessly and negligently failed to provide adequate warnings of a hazardous condition to people using the moving walkway or passenger conveyor;

c)    Carelessly and negligently failed to correct a defective and hazardous condition on the premises;

11

d)   Carelessly and negligently allowed a moving walkway or passenger conveyor to remain in an unsafe and hazardous condition; and

e)   Carelessly and negligently failed to inspect said premises to be certain the same were in good, safe and proper condition.

44.   Said aforementioned actions or failures to act directly and proximately caused Beverly to fall and suffer (a) personal injuries pain and suffering, including fractured bones, facial cuts and abrasions, and body contusions, and (b) financial damages, including medical expenses and other incidental and consequential expenses.

WHEREFORE, Plaintiff BEVERLY ROGERS requests that the Court enters judgment for her and against the Defendant JOHN DOE CORPORATION, in a fair and reasonable sum in excess of one hundred thousand dollars ($100,000.00) plus costs.

## COUNT IV
### Negligence - Respondeat Superior against City of Chicago

NOW COMES Plaintiff BEVERLY ROGERS, by and through her attorney, and her complaint against the CITY OF CHICAGO, states as follows:

45.   Beverly realleges Paragraphs 1 through 44 above as Paragraph 45 of this Count IV with the same force and effect as though fully set forth herein.

46.   The City has the power to control and supervise the Department and the Corporation.

47.   At all relevant times complained of herein, the City by and through its authorized agents, the Department and the Corporation, and each of them, had a duty before and at the time of the occurrence complained of herein to exercise ordinary care to

12

see that the premises was reasonably safe for the use of those lawfully on the premises, including the Plaintiff.

48.    In breach of said aforesaid duties, the City, by and through its duly authorized agents, the Department and the Corporation, and each of them, failed to exercise ordinary and reasonable care to protect persons using the moving walkway or passenger conveyor, including the Plaintiff, against the dangers presented by the sudden stopping and going of the moving or abrupt lurching of the moving walkway or passenger conveyor.

49.    In breach of aforesaid duties, the City, by and through its authorized agents, the Department and the Corporation, and each of them, acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

a)    Carelessly and negligently maintained the Chicago O'Hare Airport premises specifically the underground moving walkway leading to and coming from United Terminal C;

b)    Carelessly and negligently failed to provide adequate warnings of a hazardous condition to people using the moving walkway or passenger conveyor;

c)    Carelessly and negligently failed to correct a defective and hazardous condition on the premises;

d)    Carelessly and negligently allowed a moving walkway or passenger conveyor to remain in an unsafe and hazardous condition; and

e)      Carelessly and negligently failed to inspect said premises to be certain the same were in good, safe and proper condition

50.      Said aforementioned actions or failures to act directly and proximately caused Beverly to fall and suffer (a) personal injuries pain and suffering, including fractured bones, facial cuts and abrasions, and body contusions, and (b) financial damages, including medical expenses and other incidental and consequential expenses.

WHEREFORE, Plaintiff BEVERLY ROGERS requests that the Court enters judgment for her and against the Defendant CITY OF CHICAGO, in a fair and reasonable sum in excess of one hundred thousand dollars ($100,000.00) plus costs.

### COUNT V
### Loss of Consortium Against All Defendants as to Charles Rogers

NOW COMES Plaintiff CHARLES ROGERS, by and through his attorney, and his complaint against all the herein Defendants, states as follows:

51.      Charles realleges Paragraphs 1 through 50 above as Paragraph 51 of this Count V with the same force and effect as though fully set forth herein.

52.      That as a direct and proximate result of the medical negligence of Defendants' negligence that led to the injuries of his wife, Charles has lost the conjugal and normal expectations of his marriage relationship with his wife, Beverly, in that she has been disabled and unable to furnish those marital expectations to her husband.

53.      That Charles has been damaged in that he has lost and been deprived of the benefits of his marriage.

14

WHEREFORE, Plaintiff CHARLES ROGERS requests that the Court enters judgment

for him and against all the herein Defendants, in a fair and reasonable sum in excess of one

hundred thousand dollars ($100,000.00)  plus costs.)

Attorney for Plaintiff

Robert A. Holstein
HOLSTEIN LAW OFFICES, LLC
19 S. LaSalle Street, Suite 1500
Chicago, Illinois  60603
Atty. No. ████ 1250600
Tel. No. (312) 906-8000

15